IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHEVYN EUGENE MARSHALL,<br><br>Defendant. | CR 18-90-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Shevyn Eugene Marshall (Marshall) has been accused of violating the conditions of his supervised release. Marshall admitted all of the alleged violations. Marshall's supervised release should be revoked. Marshall should be placed in custody for 3 month, with 18 months of supervised release to follow.

## II. Status

Marshall pleaded guilty to Possession of Stolen Explosives on January 8, 2019. (Doc. 80). The Court sentenced Marshall to 6 months of custody, followed by 3 years of supervised release. (Doc. 146). Marshall's current term of supervised release began on March 17, 2021. (Doc. 225 at 1).

**Petition**

The United States Probation Office filed a Petition on August 23, 2021, requesting that the Court revoke Marshall's supervised release. (Doc. 225). The Petition alleged that Marshall had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to report for substance abuse testing.

**Initial appearance**

Marshall appeared before the undersigned for his initial appearance on October 12, 2021. Marshall was represented by counsel. Marshall stated that he had read the petition and that he understood the allegations. Marshall waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 12, 2021. Marshall admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to report for substance abuse testing. The violations are serious and warrant revocation of Marshall's supervised release.

Marshall's violations are Grade C violations. Marshall's criminal history

category is IV. Marshall's underlying offense is a Class C felony. Marshall could be incarcerated for up to 24 months. Marshall could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Marshall's supervised release should be revoked. Marshall should be incarcerated for 3 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Marshall that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Marshall of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Marshall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court **FINDS:**

>That Shevyn Eugene Marshall violated the conditions of his supervised release: by failing to report to his probation officer as directed; and by failing to report for substance abuse testing.

3

The Court **RECOMMENDS:**

That the District Court revoke Marshall's supervised release and commit Marshall to the custody of the United States Bureau of Prisons for 3 months, with 18 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of October, 2021.

John Johnston
United States Magistrate Judge