**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-90-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND** |
| | **RECOMMENDATIONS** |
| vs. | |
| SHEVYN EUGENE MARSHALL, | |
| Defendant. | |

## I.  Synopsis

Defendant Shevyn Eugene Marshall (Marshall) has been accused of violating the conditions of his supervised release.  Marshall admitted all of the alleged violations.  Marshall's supervised release should be revoked.  Marshall should receive a 1 year term of supervised release.  Marshall's supervised release conditions should be amended to include the following two conditions:

a.    Marshall should be required to maintain full-time employment (40 hours per week); and

b.    Marshall should be required to perform the remaining portion of his community service obligation at the rate of 30 hours per month. Marshall should be required to provide written verification of completed hours to his probation officer.

## II.  Status

Marshall pleaded guilty to Possession of Stolen Explosives on January 8, 2019.  (Doc. 80).  The Court sentenced Marshall to 6 months of custody, followed by 3 years of supervised release.  (Doc. 146).  Marshall's current term of supervised release began on December 30, 2021.  (Doc. 298 at 2).

### Petition

The United States Probation Office filed a Petition on May 17, 2023, requesting that the Court revoke Marshall's supervised release.  (Doc. 298).  The Petition alleged that Marshall had violated the conditions of his supervised release: 1) by failing to complete his community service at the rate directed by his probation officer; and 2) by using methamphetamine.

### Initial appearance

Marshall appeared before the undersigned for his initial appearance on June 13, 2023.  Marshall was represented by counsel.  Marshall stated that he had read the petition and that he understood the allegations.  Marshall waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on June 13, 2023.  Marshall

2

admitted that he had violated the conditions of his supervised release: 1) by failing to complete his community service at the rate directed by his probation officer; and 2) by using methamphetamine. The violations are serious and warrant revocation of Marshall's supervised release.

Marshall's violations are Grade C violations. Marshall's criminal history category is IV. Marshall's underlying offense is a Class C felony. Marshall could be incarcerated for up to 24 months. Marshall could be ordered to remain on supervised release for up to 18 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Marshall's supervised release should be revoked. Marshall should receive a 1 year term of supervised release. Marshall's supervised release conditions should be amended to include the following two conditions:

a.   Marshall should be required to maintain full-time employment (40 hours per week); and

b.   Marshall should be required to perform the remaining portion of his community service obligation at the rate of 30 hours per month. Marshall should be required to provide written verification of completed hours to his probation officer.

This sentence is sufficient but not greater than necessary.

3

## IV.  Conclusion

The Court informed Marshall that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Marshall of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Marshall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Marshall stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocate before Judge Morris.

The Court **FINDS:**

> That Shevyn Eugene Marshall violated the conditions of his supervised release: by failing to complete his community service at the rate directed by his probation officer; and by using methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Marshall's supervised release. Marshall should receive a 1 year term of supervised release. Marshall's supervised release conditions should be amended to include the following two conditions:
>
> > a.    Marshall should be required to maintain full-time employment (40 hours per week); and
> >
> > b.    Marshall should be required to perform the remaining

4

portion of his community service obligation at the rate of 30 hours per month. Marshall should be required to provide written verification of completed hours to his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of June, 2023.


John Johnston
United States Magistrate Judge