IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHEVYN EUGENE MARSHALL,<br><br>Defendant. | CR 18-90-GF-BMM-JTJ<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Shevyn Eugene Marshall (Marshall) has been accused of violating the conditions of his supervised release. (Docs. 313 and 316). Marshall admitted the alleged violations. Marshall's supervised release should be revoked. Marshall should be sentenced to custody until September 30, 2025, at noon, with no term of supervised release to follow.

## II.  Status

Marshall plead guilty on January 8, 2019 to the offense of Possession of Stolen Explosives, in violation of 18 U.S.C. §§ 844(h), 844(a) and 2 as charged in Count 2 of the Indictment. (Doc. 80). Marshall was sentenced to 6 months of custody, with

3 years of supervised release to follow. (Doc. 146). Marshall's current term of supervised release began on June 13, 2023.

**Petition**

On August 7, 2023, the United States Probation Office filed a Petition requesting that the Court revoke Marshall's supervised release. (Doc. 313). The Petition alleged Marshall violated conditions of his supervised release by: (1) failing to report to his probation officer as instructed on August 2, 2023; and (2) committing another federal, state of local crime by being charged on August 4, 2023, in Cascade County, Montana with the misdemeanor offenses of Criminal Mischief , in violation of Mont. Code Ann. § 45-6-101; Criminal Trespass to Property, in violation of Mont. Code Ann. § 45-6-203; Unlawful Restraint, in violation of Mont. Code Ann. § 45-5-301 and Partner or Family Member Assault, in violation of Mont. Code Ann. §45-5-206, and with the felony offenses of Burglary, in violation of Mont. Code Ann. §45-6-204; Aggravated Kidnapping, in violation of Mont. Code Ann. § 45-5-303; Assault with a Weapon, in violation of Mont. Code Ann. § 45-5-213 and Strangulation of a Partner or Family Member, in violation of Mont. Code Ann. §45-5-215.

**Amended Petition**

On June 27, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Marshall's supervised release. (Doc. 316).

The Amended Petition alleged Marshall violated conditions of his supervised release by updating violation (2) to advise that Marshall was sentenced on January 24, 2024 by the Montana Eighth Judicial District Court for his conviction of the felony offense of Burglary, in violation of Mont. Code Ann. §45-6-204(1)(b). Marshall was granted parole to his federal detainer on June 23, 2025.

### Initial Appearance

Marshall appeared before the Court on July 1, 2025. Marshall was represented by counsel. Marshall stated that he had read the Amended Petition and that he understood the allegations against him. Marshall waived his right to a preliminary hearing.

### Revocation hearing

Marshall appeared before the Court on July 1, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Marshall admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Marshall's admitted violations, 1 and 2, are serious and warrant revocation of his supervised release.

### Sentencing hearing

Marshall appeared before the Court on July 1, 2025. Marshall's violations are a Grade E. His criminal history category is IV. Marshall's underlying offense is a Class C felony. Marshall could be incarcerated for up to 24 months. Marshall could

be ordered to remain on supervised release for 31 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 12 to 18 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Marshall's supervised release should be revoked. Marshall should be sentenced to custody until September 30, 2025, at noon, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Marshall that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Marshall of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Marshall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That SHEVYN EUGENE. MARSHALL has violated the conditions of his supervised release by: (1) (1) failing to report to his probation officer as instructed on August 2, 2023; and (2) committing another federal, state of local crime by being sentenced on January 24, 2024 by the Montana Eighth Judicial District Court for his conviction of the felony offense of Burglary, in violation of Mont. Code Ann. §45-6-204(1)(b).

The Court **RECOMMENDS:**

That the District Court revoke Marshall's supervised release and sentence Marshall to custody for until September 30, 2025, at noon, with no term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of June 2025.

John Johnston
United States Magistrate Judge